UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

NESTOR M. CINTRA,
LATHAN J. PRESTON,
JUAN M. ORTEGA,
and other similarly-situated individuals,

      Plaintiffs,

v.

FLORAL LOGISTICS OF MIAMI, INC.,
KOUBI RONEN, and RALPH MILMAN
individually

      Defendants.

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiffs NESTOR M. CINTRA, LATHAN J. PRESTON, JUAN M. ORTEGA and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants FLORAL LOGISTICS OF MIAMI, INC., KOUBI RONEN and RALPH MILMAN  individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act"),

2. Plaintiffs NESTOR M. CINTRA and LATHAN J. PRESTON and JUAN M. ORTEGA are residents of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendant, FLORAL LOGISTICS OF MIAMI, INC.(hereinafter FLORAL LOGISTICS) is a Florida corporation, having its main place of business in Miami-Dade County, Florida, where Plaintiffs worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Individual Defendants KOUBI RONEN and RALPH MILMAN were and are now, directors and/or owners of Defendant Corporation FLORAL LOGISTICS OF MIAMI, INC.,

<u>GENERAL ALLEGATIONS</u>

5. Defendant FLORAL LOGISTICS OF MIAMI, INC. is a floral transportation, logistics and warehouse distribution company which operates in Miami, Florida.

6. Plaintiffs NESTOR M. CINTRA and LATHAN J. PRESTON were hired by Defendant as non-exempt, hourly warehouse employees, as many others similarly situated warehouse employees. Both Plaintiffs performed the same duties which consisted of receiving cargo after it was unloaded by somebody else into a pre-determined area in the warehouse dock, counting pieces, organizing the merchandise in the racks, pulling orders, palletizing and shrink wrapping the orders according to instructions received.  Plaintiffs NESTOR M. CINTRA and LATHAN J. PRESTON were never involved in loading or unloading trucks or containers. Plaintiffs never drove a forklift, they never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container or loose cargo.  Plaintiffs never performed activities affecting the safety of operation of motor vehicles.

7. Plaintiff NESTOR M. CINTRA worked for Defendant from approximately November 05, 2012 to May 09, 2013.  Plaintiff was hired as a non-exempt hourly employee and his

regular rate was $8.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. He was paid for all hours, but at his regular rate. Plaintiff was not paid at the rate of time and one half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

8.  Plaintiff LATHAN J. PRESTON worked for Defendant from approximately March 3, 2011 to January 02, 2013.  Plaintiff's regular rate was $8.50 an hour. During his time of employment with Defendant Plaintiff worked an average of Fifty Five (55) hours weekly. Similarly,  Plaintiff LATHAN J. PRESTON was paid for all hours, but at his regular rate. Defendant failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 worked in a week period as established by the Fair Labor Standards Act.

9.  Defendant FLORAL LOGISTICS hired Plaintiff JUAN M. ORTEGA to work as a yard maintenance employee.  Plaintiff worked for Defendant from October 15, 2011 to October 4, 2013.  Plaintiff was hired as an hourly employee and his duties consisted of the janitorial work in the yard and the cleaning and basic maintenance of the trucks, his duties did not include mechanical work.  Plaintiff was paid $8.50 an hour. During his time of employment with Defendant Plaintiff worked an average of Sixty Four (64) hours weekly on a regular weeks; approximately One Hundred Ten (110) hours weekly during Valentine's day season; and an average of Eighty Four (84) hours weekly during Mother's day season.  Plaintiff JUAN M. ORTEGA was paid for all hours, but at his regular rate.  Defendant failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 worked in a week period as established by the Fair Labor Standards Act.

10. Plaintiffs NESTOR M. CINTRA, LATHAN J. PRESTON, and JUAN M. ORTEGA seek to recover for unpaid half-time overtime wages accumulated during all their time of employment, as allowable by law.

11. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME,  AS TO ALL DEFENDANTS**

12. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-11 above as if set out in full herein.

13. This action is brought by Plaintiffs NESTOR M. CINTRA, LATHAN J. PRESTON, JUAN M. ORTEGA and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

14. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer FLORAL LOGISTICS OF MIAMI, INC. is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to

this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services or goods to be sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.   Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

15. By reason of the foregoing, the Employer/Defendant FLORAL LOGISTICS OF MIAMI, INC., is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly-situated were and/or are engaged in interstate commerce for Defendant.  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Defendant is floral transportation, logistics and warehouse distribution Company and, through its business activity, affects interstate commerce.  The Plaintiffs' work for the Defendant likewise affects interstate commerce.  Plaintiffs were employed by Defendant as "warehouse employees".

16. Defendant employed Plaintiff NESTOR M. CINTRA from approximately November 05, 2012 to May 09, 2013.  Plaintiff was hired as a non-exempt hourly employee and his

regular rate was $8.00 an hour. During his time of employment Plaintiff worked an average of Sixty (60) hours weekly. He was paid for all hours, but at his regular rate. Plaintiff was not paid at the rate of time and one half his regular rate for every hour worked in excess of 40, as established by the Fair Labor Standards Act.

17. Defendant employed Plaintiff LATHAN J. PRESTON from approximately March 3, 2011 to January 02, 2013. Plaintiff's regular rate was $8.50 an hour. During his time of employment with Defendant, Plaintiff worked an average of Fifty Five (55) hours weekly.  Similarly, Plaintiff LATHAN J. PRESTON was paid for all hours, but at his regular rate.  Defendant failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 that he worked in a week period.

18. Defendant FLORAL LOGISTICS hired Plaintiff JUAN M. ORTEGA to work as a yard maintenance employee.  Plaintiff worked for Defendant from October 15, 2011 to October 4, 2013.  Plaintiff was hired as an hourly employee and his duties consisted of the janitorial work in the yard and the cleaning and basic maintenance of the trucks, his duties did not include mechanical work.  Plaintiff was paid $8.50 an hour. During his time of employment with Defendant Plaintiff worked an average of Sixty Four (64) hours weekly on a regular weeks;  approximately One Hundred Ten (110) hours weekly during Valentine's day season;  and Eighty Four (84) hours weekly during Mother's day season. Plaintiff JUAN M. ORTEGA was paid for all hours, but at his regular rate.  Defendant failed to pay Plaintiff at the rate of time and one half his regular rate for every hour in excess of 40 worked in a week period, as established by the Fair Labor Standards Act.

19. While employed by Defendant FLORAL LOGISTICS OF MIAMI, INC., Plaintiffs worked an average of more than 40 (Forty) hours per week without being properly

compensated. Plaintiffs were employed as "warehouse employees" performing the same or similar duties as that of those other similarly-situated "warehouse employees", who Plaintiffs observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

20. Defendant's failure to pay Plaintiffs and all current and former employees similarly situated, compensation at a rate not less than one and one-half times the rate at which they are/were employed for work performed beyond the 40 hour workweek, is contrary to the provisions of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

21. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiffs' good faith estimate of unpaid wages are as follows:

<u>PLAINTIFF NESTOR M. CINTRA</u>

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a. <u>Total amount of alleged unpaid wages</u>:

        Two Thousand Eighty Dollars and 00/100 ($2,080.00)

    b. <u>Calculation of such wages</u>:

        Total Period of Employment:  26 weeks
        Total number of hours worked weekly:  60 hrs.
        Overtime hours:  20 hours weekly
        Regular rate:  $8.00 x hour  x 1.5 = $12.00 O/T rate    Half time: $4.00
        O/T rate $12.00 x hour  -  Paid per O/T hour $8.00 =   Difference $4.00 x O/T

        $4.00 half-time x 20 hrs.= $ 80.00 weekly x 26 weeks =  $2,080.00

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

        This amount represents the unpaid half-time overtime.

<u>PLAINTIFF LATHAN J. PRESTON</u>

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a.   <u>Total amount of alleged unpaid wages</u>:

        Six Thousand One Hundred Twenty Dollars and 00/100 ($6,120.00)

    b.   <u>Calculation of such wages</u>:

        Total Period of Employment:  96 weeks
        Total number of hours worked weekly:  55 hrs.
        Overtime hours:  15 hours weekly
        Regular rate:  $8.50 x hour  x 1.5 = $12.75 O/T rate    Half time: $4.25
        O/T rate $12.75 x hour  -  Paid per O/T hour $8.50 =   Difference $4.25 x O/T

        $4.25 half-time x 15 hrs.= $ 63.75 weekly x 96 weeks =  $6,120.00

    c.   <u>Nature of wages (e.g. overtime or straight time)</u>:

        This amount represents the unpaid half-time overtime.

<u>III.- PLAINTIFF JUAN M. ORTEGA</u>

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate.

    a.   <u>Total amount of alleged unpaid wages</u>:

        Eleven Thousand Six Hundred Twenty Eight Dollars and 00/100 ($11,628.00)

    b.   <u>Calculation of such wages</u>:

        Total Period of Employment:  103 weeks
        Regular rate:  $8.50 x hour  x 1.5 = $12.75 O/T rate    Half time: $4.25
        O/T rate $12.75 x hour  -  Paid per O/T hour $8.50 =   Difference $4.25 x O/T

        i.       <u>Regular Basis</u>

        Weeks of employment: 95 weeks
        Total number of hours worked weekly:  64 hrs.
        Overtime hours:  24 hours weekly

        $4.25 half-time x 24 OT hrs = $ 102.00 weekly x 95 weeks = $9,690.00

        ii.      <u>Valentine's day season</u>

Weeks of employment: 4 weeks
Total number of hours worked weekly:  110 hrs.
Overtime hours:  70 hours weekly

$4.25 half-time x 70 OT hrs = $ 297.50 weekly x  4 weeks =  $1,190.00

iii.    <u>Mothers' day season</u>

Weeks of employment: 4 weeks
Total number of hours worked weekly:  84 hrs.
Overtime hours:  24 hours weekly

$4.25 half-time x 44 OT hrs = $ 187.00 weekly x 4 weeks = $748.00

Total unpaid wages: $11,628.00

c.    <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid half-time overtime.

22. At all times material hereto, the Employer/Defendant FLORAL LOGISTICS OF MIAMI, INC. failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

23. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly-situated these overtime wages since the

commencement of Plaintiffs' and those similarly-situated employees' employment with Defendant as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages.

24. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.  Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

25. At the time mentioned, individual Defendants KOUBI RONEN and RALPH MILMAN were and are now, the directors and/or owners of Defendant Corporation.  Defendants KOUBI RONEN and RALPH MILMAN are the employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs and others similarly situated.   Defendants KOUBI RONEN and RALPH MILMAN had operational control of the business and are jointly liable for Plaintiffs' damages.

26. Defendants FLORAL LOGISTICS OF MIAMI, INC., KOUBI RONEN and RALPH MILMAN willfully and intentionally refused to pay Plaintiffs overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendant FLORAL LOGISTICS OF MIAMI, INC. as set forth above.

27. Plaintiffs seek to recover for unpaid half-time overtime wages accumulated since their first day of employment and/or 3 (three) years from the date of the filing of this complaint.

28. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs NESTOR M. CINTRA, LATHAN J. PRESTON, JUAN M.ORTEGA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiffs NESTOR M. CINTRA, LATHAN J. PRESTON, JUAN M. ORTEGA and other similarly-situated individuals, and against the Defendants FLORAL LOGISTICS OF MIAMI, INC., KOUBI RONEN and RALPH MILMAN on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiffs and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: April 21, 2014

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
3100 South Dixie Highway
Suite # 202
Miami, FL 33133

Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com